UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND ROLES,<br><br>            Plaintiff,<br><br>    v.<br><br>JAY CHRISTENSEN and RHONDA OWENS,<br><br>            Defendants. | Case No. 1:19-cv-00292-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Raymond Roles is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order, Dkt. 9*.

Plaintiff has now filed a First Amended Complaint ("FAC"). *Dkt. 12*. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Having reviewed the FAC, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.     **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Dkt. 12* at 8. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as the Court concludes below, the FAC fails to state a claim upon which relief may be granted;

therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.      Screening Requirement**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**3.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me  accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

**4.      Discussion**

Plaintiff brings claims under (1) the federal civil rights statute, 42 U.S.C. § 1983, and (2) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§ 2000cc *et seq*. He asserts his § 1983 claims under the Free Exercise Clause of the First Amendment. Both the Free Exercise Clause and RLUIPA require a prisoner to establish a substantial burden on the exercise of the prisoner's religious beliefs. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989); 42 U.S.C. § 2000cc-1(a).

Like the initial complaint, the FAC does not plausibly allege that the prison's policy of requiring inmates to eat in the chow hall for breakfast and dinner—as opposed to allowing the inmates to bring their meals back to their cells—imposes a substantial burden on Plaintiff's religious exercise. As explained in the Initial Review Order, Plaintiff can take simple measures to prevent his Kosher meals from becoming non-Kosher—for example, by not placing his food or his spork directly on the table, which he alleges is unclean. *See Dkt. 9* at 13 ("The alleged contamination occurs when Plaintiff or his spork touches the table. However, whether or not Plaintiff touches the table, or allows his spork to touch the table, is entirely within Plaintiff's own control."); *see also Hogan et al. v. IDOC*, Case No. 1:15-cv-00308-BLW, Dkt. 11 at 11 (D. Idaho Dec. 15, 2015) ("Because Plaintiffs can choose a diet plan that does not include any food that would violate their religious dietary laws, they have not established that they are substantially burdened by the failure of IDOC to offer a specific, separately-prepared Catholic or Halal meal. Plaintiffs are not entitled to demand meat in a religious diet—they are perfectly able to choose a vegan diet (or a non-pork or lacto-ovo diet) that complies with their religious dietary restrictions.").

Further, both the Free Exercise Clause and RLUIPA allow prison officials some leeway in accommodating Plaintiff's Kosher diet. Therefore, the fact that Kosher trays are set on non-Kosher tables and at times come into contact with non-Kosher food, *see FAC,*

*Dkt. 12* at 3, does not violate § 1983 or RLUIPA. *See Holsombach v. Norris*, No. 2:08CV00022-JMM-BD, 2009 WL 424166, at *6 (E.D. Ark. Feb. 18, 2009) (unpublished) (holding that occasional failures to prevent contact between Kosher and non-Kosher food and items did not violate RLUIPA because the prison "employ[ed] reasonable measures to maintain a division between the main-line food preparation and Kosher food preparation").

For the foregoing reasons, the FAC is subject to dismissal for failure to state a claim upon which relief may be granted.

## 5. Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the FAC with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

    **IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 11) is GRANTED.

2. The FAC fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 9), this

entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: January 16, 2020

David C. Nye
Chief U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6